IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C.R. BARD, INC.,
    PELVIC REPAIR SYSTEM
    PRODUCTS LIABILITY LITIGATION         MDL 2187

---

THIS DOCUMENT RELATES TO:

*Beverly Fenty et al. v. C.R. Bard, Inc.*        Civil Action No. 2:13-cv-16236

## ORDER

Pending is a Motion to Dismiss for Failure to Timely Effect Service of Process, filed by defendant C.R. Bard, Inc. on April 10, 2018 ("Motion"). [ECF No. 4]. There has been no timely response. For the reasons stated herein, the Motion is **GRANTED**.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(m), provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." Pretrial Order #47, *In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation*, No. 2:10-md-2187, http://www.wvsd.uscourts.gov/MDL/2187/pdfs/PTO_47.pdf (stating that this order applies to "each member related case previously transferred to, removed to, or filed in this district," in addition to cases subsequently filed). Thus, the court excused the plaintiff from formally serving process on the defendant, if they completed this simple procedure.

The plaintiffs failed to effectuate service by either method within the time allotted under Federal Rule of Civil Procedure 4(m). The defendant now moves to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). There has been no timely response. As a result, the court **ORDERS** that the Motion to Dismiss is **GRANTED**. *See Osborne v. Long*, 2012 WL 851106, at *10 n.5 (S.D. W. Va. 2012) (referencing authority for the proposition that federal courts may grant a motion to dismiss without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession to that motion, or that dismissal is appropriate as a sanction for failure to prosecute) (citing *Fox v. American Airlines, Inc.,* 389 F.3d 1291, 1294–1295 (D.C. Cir. 2004); *Pomerleau v. West Springfield Public Schools,* 362 F.3d 143, 145 (1st Cir. 2004); *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)).

Because C.R. Bard, Inc. is the only named defendant in this case, the court **ORDERS** that this case be **DISMISSED without prejudice.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 6, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE